UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| STEVEN DURANT, ) | Civil Action No.: 4:22-cv-01635-TER |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| -vs- ) | |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for disability insurance benefits(DIB) and supplemental security income(SSI). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This action is proceeding before the undersigned pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. Proc. R. 73.

## I. RELEVANT BACKGROUND

### A. Procedural History

Plaintiff filed an application for DIB and SSI in August 2020, alleging disability beginning on January 31, 2020. (Tr. 16). His claims were denied initially and upon reconsideration. Thereafter, Plaintiff filed a request for a hearing. A hearing was held in September 2021, at which time Plaintiff and a vocational expert (VE) testified. (Tr. 16). The Administrative Law Judge (ALJ) issued an unfavorable decision on October 26, 2021, finding that Plaintiff was not disabled within the meaning of the Act. (Tr. 16-27). Plaintiff filed a request for review of the ALJ's decision and

submitted additional evidence to the Appeals Council. The Appeals Council denied the request for review. (Tr. 1-4). In May 2022, Plaintiff filed this action. (ECF No. 1).

**B.     Plaintiff's Background and Medical History**

Plaintiff was born in June 1966 was fifty-three years old on the alleged disability onset date. (Tr. 25). Plaintiff had past work as a lubrication servicer and tire changer. (Tr. 25). Plaintiff alleges disability originally due to sciatic nerve in back, high blood pressure, hip bone, pelvis bone, pain, lung blood clot, and hole in lung. (Tr. 207). Relevant records will be addressed under the pertinent issue headings.

**C.     The ALJ's Decision**

In the decision of October 2021, the ALJ made the following findings of fact and conclusions of law (Tr. 16-27):

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2022.

2. The claimant has not engaged in substantial gainful activity since January 31, 2020, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine and osteoarthritis of the right hip (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant can never climb ladders, ropes, or scaffolds. The claimant can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant must avoid concentrated exposure to dangerous machinery and heights.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on June 6, 1966 and was 53 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date. The claimant subsequently changed age category to advanced age (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 31, 2020, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

## II. DISCUSSION

Plaintiff argues the ALJ's RFC fails to account for Plaintiff's exertional and pain limitations, especially as to cane use and time off task. (ECF No. 14 at 16-19). Plaintiff's RFC arguments rely heavily on the evaluation of subjective symptoms, arguing the ALJ did not properly consider Plaintiff's testimony in determining the RFC, citing to SSR 16-3p. (ECF No. 14 at 22).  In accordance with *Dowling v. Comm'r*, 986 F.3d 377, 387 (4th Cir. 2021),while related and affecting each other, the RFC and subjective symptom evaluation are separate analysis and the court will address Plaintiff's arguments separately. Defendant argues the ALJ applied the correct law and relied

on substantial evidence in finding Plaintiff not disabled.

## A.   LEGAL FRAMEWORK

### 1.   The Commissioner's Determination–of–Disability Process

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months. 42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[1] (4) whether such impairment prevents claimant from performing PRW;[2] and (5)

---

[1] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S.

whether the impairment prevents him from doing SGA. *See* 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*,

---

521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[2] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

### 2. The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases *de novo* or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir.1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. *See Vitek*, 438 F.2d at 1157-58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence as a threshold is "not high;" "[u]nder the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

**B.     ANALYSIS**

<u>Subjective Symptom Evaluation</u>

Plaintiff argues the ALJ erred in the subjective symptom evaluation. (ECF No. 14 at 22). The Fourth Circuit Court of Appeals has recently made clear that an RFC determination "is a separate and distinct inquiry from a symptom evaluation." *Dowling v. Comm'r*, 986 F.3d 377, 387 (4th Cir. 2021).   SSR 16-3p sets out "the process ALJs use to evaluate the intensity and persistence of a claimant's symptoms and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the record." *Id.*(internal citations and quotations omitted). Plaintiff's arguments are essentially based on Plaintiff's allegations being found inconsistent with the record evidence. Plaintiff's argument is that the ALJ should have found Plaintiff's allegations consistent with the record and converted Plaintiff's allegations into RFC limitations. This issue is properly considered under the SSR16-3p framework.

Under *Craig v. Chater*, 76 F.3d 585, 591-96 (4th Cir. 1996), subjective complaints are evaluated in two steps.  First, there must be documentation by objective medical evidence of the presence of an underlying impairment that would reasonably be expected to cause the subjective complaints of the severity and persistence alleged.  Not until such underlying impairment is deemed established does the fact-finder proceed to the second step: consideration of the entire record, including objective and subjective evidence, to evaluate the intensity and persistence of symptoms to determine how symptoms limit capacity for work.  *See also* 20 C.F.R. § 404.1529; SSR16-3p, *4.

The ALJ may choose to reject a claimant's testimony regarding his condition, but the ALJ must explain the basis for such rejection to ensure that the decision is sufficiently supported by substantial evidence. *Hatcher v. Sec'y, Dep't of Health & Human Servs.*, 898 F.2d 21, 23 (4th Cir.

7

1989) (quoting *Smith v. Schweiker*, 719 F.2d 723, 725 n.2 (4th Cir. 1984)). A claimant's allegations "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers[.]" *Craig*, 76 F.3d at 595. The ALJ considers the evidence in the record as a whole when analyzing Plaintiff's claims, as does this court when reviewing the ALJ's decision. *See id.*; *see* SSR 16-3p, at *4.

A claimant's statements about intensity, persistence, and limiting effects of symptoms, which are inconsistent with the objective medical evidence and other evidence, are less likely to reduce his capacity to perform work related activities. SSR 16-3p, at *7; 20 C.F.R. § 404.1529(c). An individual's symptoms are evaluated based on consideration of objective medical evidence, an individual's statements directly to the Administration, or to medical sources or other sources, and the following factors:

> 1. Daily activities;
> 2. The location, duration, frequency, and intensity of pain or other symptoms;
> 3. Factors that precipitate and aggravate the symptoms;
> 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;
> 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;
> 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
> 7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3p, at *7; 20 C.F.R. § 404.1529(c). The ALJ at step three is to "consider the individual's symptoms when determining his or her residual functional capacity and the extent to which the individual's impairment-related symptoms are consistent with the evidence in the record." SSR

16-3p, at *11.

After summarizing evidence that is further discussed below, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of symptoms were not entirely consistent with the evidence. (Tr. 24). The evidence discussed by the ALJ relevant to the SSR 16-3p factors is as follows. The ALJ expressly considered Plaintiff's allegations in reports and from the hearing testimony. (Tr. 22-23). Plaintiff alleged he had side effects of drowsiness and sleepiness. (Tr. 23). Plaintiff alleged he used a prescribed cane. The ALJ reviewed Plaintiff's allegations of limitations:

> Due to his conditions and symptoms, the claimant stated that he has a number of limitations, some of which involve lifting, carrying, squatting, bending, standing, reaching, using his hands, walking, sitting, kneeling, stair climbing, seeing, and remembering (Hearing Testimony & Exhibits 1E; 5E; 6E; 7E; 8E). The claimant reported very limited walking ability and indicated that he laid down most of the day (Hearing Testimony & Exhibits 5E; 6E; 7E). He noted that he does not do any housework or yard work (Exhibit 6E).

(Tr. 23). The ALJ noted that despite these allegations, Plaintiff traveled outside of his home independently, tended his needs, washed clothes, prepared meals, shopped, went to church, paid attention, paid bills, and followed spoken instructions. (Tr. 23). "Thus, the claimant engages in activities that are not limited to the extent one would expect, given his complaints of disabling symptoms and limitation." (Tr. 23). The ALJ continued his review of the evidence, finding that medical record findings failed to provide strong support for Plaintiff's allegations and the evidence did not support limitations greater than the RFC findings. (Tr. 23). The ALJ considered the evidence regarding Plaintiff's spine and hip. In January 2020, Plaintiff was seen in the emergency room and had exam findings of tenderness and positive straight leg raise. Plaintiff had imaging of degenerative lumbar disc. Plaintiff was prescribed medication. Plaintiff continued to report pain despite treatment.

(Tr. 23). Exams found spasms, tenderness, and positive straight leg test raising. Plaintiff had abnormal gait on two occasions. Imaging showed osteoarthritis of right hip and diffuse osteopenia. (Tr. 23). Plaintiff was prescribed additional medication and injections. (Tr. 23). The ALJ noted exams showed no neurological deficits, normal musculoskeletal exam with spinal tenderness, and ambulatory without assistance. (Tr. 23-24). The January 2020 imaging showed mild. The hip imaging[3] showed mild to moderate on the osteoarthritis and mild on the osteopenia. (Tr. 24). The ALJ noted consultants found there was insufficient[4] evidence to fully assess the claim but found severe impairment of disc degenerative disease and did not provide any functional limitation opinions. (Tr. 24). The ALJ found the opinions not persuasive as a review of the record now indicated there was sufficient evidence to assess Plaintiff's claim. (Tr. 24).

To the extent Plaintiff argues that the court should consider the ALJ's questions at Plaintiff's hearing as findings that raise the evidentiary bar for Plaintiff, the court reviews only the findings made by the ALJ in the ALJ's opinion. (ECF No. 14 at 27). There is no mention by the ALJ in the ALJ's opinion of Plaintiff having or not having an MRI or surgery.(Tr. 16-27). Plaintiff's reply brief argues *Lovejoy v. Heckler*, 790 F.2d 1114 (4th Cir. 1986) concerns as to the lack of an MRI;

---

[3] To the extent Plaintiff argues in the RFC section of the brief that Plaintiff's testimony was consistent with the diagnosis by imaging and thus argues the ALJ's RFC explanations were insufficient, a diagnosis provides no functional limitation information. (ECF No. 14 at 19); *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986).

[4] The first consultant opinion was in October 2020 several months after Plaintiff's alleged onset date, noting Plaintiff had failed to return forms and "legal representative did not respond to attempts to obtain functioning from the claimant." (Tr. 209-217). At reconsideration by 2021, there was still insufficient information because claimant "and rep failed to provide info regarding possible xrays or additional ER/doctor visits." "Additional evidence remains insufficient for adjudicative purposes." (Tr. 227-229). Some of the records received and reviewed by the ALJ indicate they were printed by the hospital just one month prior to the ALJ's decision date, such that the record displays the ALJ had more evidence before him than the consultants. (Tr. 662).

however, again, the ALJ did not make any mention in the findings that are under review of any lack of an MRI. Plaintiff was not penalized by the ALJ for not having an MRI on record as Plaintiff asserts. (ECF No. 18 at 8-9); (Tr. 16-27).

As displayed above, the ALJ considered a multitude of the SSR 16-3p factors, like Plaintiff's allegations regarding daily activities, the presentation of pain, the type, dosage, effectiveness, and side effects of medication, and treatment other than medication. (Tr. 23-26). The ALJ supported his finding–that Plaintiff's limiting effects from Plaintiff's symptoms/pain were inconsistent with the record–with citation to substantial evidence. There is no outcome determinative error here; Plaintiff's allegations were analyzed in accordance with the appropriate regulations by the ALJ. *See also Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1999)("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result"). As discussed above, the ALJ reviewed Plaintiff's testimony, reports, and medical records, and found Plaintiff's statements concerning the intensity, persistence, and limiting effects of his alleged symptoms were inconsistent with the evidence. (Tr. 25). A claimant's allegations alone can never establish that she is disabled. 20 C.F.R. § 404.1529. An ALJ can discount a Plaintiff's subjective complaints when they are unsupported by the record. 20 C.F.R. § 404.1529; *Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996). Plaintiff is not required to be without symptoms to be found not disabled by the ALJ. Even where there is conflicting evidence that might have resulted in a contrary decision, our review is limited to whether substantial evidence supports the ALJ's decision. Based on the evidence before the ALJ, the ALJ conducted a proper evaluation of subjective symptoms and cited substantial evidence to support the finding that Plaintiff's allegations of disabling symptoms were inconsistent with the record.

**RFC: Cane, exertion, off task**

Plaintiff argues the ALJ's RFC fails to account for Plaintiff's allegations of exertional and pain limitations, especially as to cane use and time off task. (ECF No. 14 at 16-19). Plaintiff's RFC arguments rely heavily on the evaluation of subjective symptoms as discussed already above.

An adjudicator is solely responsible for assessing a claimant's RFC. 20 C.F.R. § 416.946(c). In making that assessment, he must consider the functional limitations resulting from the claimant's medically determinable impairments. Social Security Ruling ("SSR") 96–8p, 1996 WL 374184, at *2. This ruling provides that: "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96–8, *7. "The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id.* Additionally, " 'a necessary predicate to engaging in a substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.' " *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (*quoting Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). The ALJ considers the evidence in the record as a whole when analyzing Plaintiff's claims, as does this court when reviewing the ALJ's decision. *See Craig*, 76 F.3d at 595.

The ALJ found an RFC of: medium work as defined in 20 C.F.R. § 404.1567(c) and 416.967(c), except the claimant can never climb ladders, ropes, or scaffolds. The claimant can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant must avoid concentrated exposure to dangerous machinery and heights. (Tr. 22).

Plaintiff argues he should have an RFC of light or sedentary based on "opinions[5] of examining physicians, objective testing, patient reports, and hearing testimony;" Plaintiff points to cane use allegations and left hand strength limit. (ECF No. 14 at 18-19)(citing Tr. 171, 175, 702, 707).

The ALJ considered Plaintiff's allegations of cane use, citing to exhibits 6E (functional report by Plaintiff with only cane checked but no other questions answered) and 7E(functional report answering questions stating prescribed by a doctor in 2019[6] but no answer as to when use needed). (Tr. 23, 396, 405). On a mobility questionnaire, Plaintiff indicated he used a cane all the time and it was prescribed by Dr. Townsend. (Tr. 636). There are no exam notes in the record of Plaintiff presenting with a cane. The ALJ noted in the Listing discussion that there was no evidence indicating use of a "medically necessary mobility device." (Tr. 21). The ALJ considered exams of both normal and abnormal gait. (Tr. 23, 493, 495, 497, 499, 621, 643, 647). Further, a cane evaluation involves a more detailed assessment[7] for which this record is unsupportive.

---

[5] The record contains no opinions by any examining providers.

[6] Plaintiff was working when he alleges a cane was prescribed. (Tr. 373). In January 2020, Plaintiff was seen in the emergency room for back pain that started the prior weekend and Plaintiff denied known injury. (Tr. 483). Plaintiff was also seen for back pain in 2018 and 2019 prior to the alleged onset date. There is no prescription for a cane in the record.

[7] To find that a hand-held assistive device is <u>medically required</u>, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case. For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded. SSR96-9p at *7(as applicable to an RFC for less than a full range of sedentary work, but viewed by courts as lending guidance as to other exertions).

Plaintiff's reply brief asserts the ALJ failed to consider left hand limitations. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument-even if its brief takes a passing shot at the issue.") (cleaned up). The ALJ considered Plaintiff's subjective allegations of limits using his hands. (Tr. 23). However, the evidence cited by Plaintiff regarding Plaintiff's left hand was not submitted to the ALJ. In that evidence submitted to the Appeals Council, Plaintiff's provider did not make any assessment or treatment regarding Plaintiff's hands at the November 2021 visit where Plaintiff's hands examined with tenderness. (Tr. 169-171). Plaintiff makes no argument of any error in the Appeals Council's consideration of additional evidence submitted after the ALJ's decision. (ECF No. 18 at 4); 20 C.F.R. § 404.970(test of additional evidence both the Appeals Council and the court applies; "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision").

Plaintiff argues the RFC does not account for being off task from being in a recline position or changing positions in seeking pain relief. (ECF No. 14 at 19). Reading the opinion as a whole, the ALJ found Plaintiff was only slightly or mildly limited in ability to function on a sustained basis when focusing attention on work activities and staying on task at a sustained rate. In making this finding, the ALJ relied on Plaintiff's testimony, function reports, and exams of good attention and intact cognitive function. (Tr. 19-20). At the SSA hearing and at a worker's comp deposition, Plaintiff stated he cannot stay in one position too long. (Tr. 193, 631). There are no notes in the record from any medical provider regarding changing positions. The ALJ weighed the evidence and considered both normal and abnormal exams in formulating the RFC. Under the substantial evidence

standard of review, the ALJ's findings are supported and this court does not reweigh the ALJ's consideration of the evidence.

Plaintiff stated "there is no discussion of any supporting evidence" as to the RFC. (ECF No. 14 at 19). The ALJ went through Plaintiff's records with citation to exams of both normal and abnormal exam findings, Plaintiff's activities, Plaintiff's allegations, and objective imaging findings. (Tr. 22-24). Substantial evidence supports the ALJ's RFC determination.

The Court cannot say that a reasonable mind would not reach this RFC in view of the totality of the evidence. The ALJ supported the functional limitations found in the ALJ's RFC determination with discussion and citation to substantial evidence in the record. Even where there is evidence that might have resulted in a contrary decision, our review is limited to whether substantial evidence supports the ALJ's decision. An RFC is "an administrative assessment made by the Commissioner based on all the relevant evidence in the case record." *Felton-Miller v. Astrue*, 459 Fed. Appx. 226, 230-31 (4th Cir. 2011) (citing 20 C.F.R. §§ 404.1546(c), 416.946(c)). The court does not reweigh the evidence. *See Johnson v. Saul*, No. 5:20-cv-47-KDW, 2021 WL 717250, at *10 (D.S.C. Feb. 24, 2021)("Even if the evidence highlighted by Plaintiff could support a different result, the court's role is not to second-guess the ALJ's findings.") Based upon the foregoing, substantial evidence supports the ALJ's RFC.

### III. CONCLUSION

This court is charged with reviewing the case only to determine whether the findings of the Commissioner were based on substantial evidence. *Richardson*, 402 U.S. at 390. Even where the Plaintiff can produce conflicting evidence which might have resulted in a contrary decision, the Commissioner's findings must be affirmed if substantial evidence supported the decision. *Blalock*,

483 F.2d at 775. The Commissioner is charged with resolving conflicts in the evidence, and this Court cannot reverse that decision merely because the evidence would permit a different conclusion. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). As previously discussed, despite the Plaintiff's claims, he has failed to show that the Commissioner's decision was not based on substantial evidence. Based upon the foregoing, and pursuant to the power of the court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. Sections 405(g) and 1338(c)(3), the Commissioner's decision is AFFIRMED.

|  |  |
|---|---|
| April 6, 2023<br>Florence, South Carolina | s/ Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge |